T. Paul Kane, J.
This is an article 78 proceeding in which petitioners seek a judgment directing the Commissioner of Education to grant State building aid to the Spackenkill Union Free School District No. 2 for the construction of a high school.
In April of 1967 the Spackenkill District, which has not maintained its own high school made a formal application for State building aid for a proposed high school. On August 30, 1967, the Commissioner of Education responded to the application with an order of reaffirmation reaffirming the State plan of school district reorganization which in relation to this school district provided for a merger with the Poughkeepsie School *616 District. Accordingly, the Commissioner denied permission to register a high school for the Spackenkill District.
Thereafter petitioners herein brought an article 78 proceeding against the Commissioner of Education and the Board of Regents attacking the propriety of the Commissioner’s refusal to grant the application to register a high school. This proceeding advanced to the Court of Appeals which on June 5, 1969 held in Matter of Carter v. Allen (25 N Y 2d 7) that the order of reaffirmation was invalid, having been based upon a regulation of the Commissioner (8 NYCRR 100.2 [h]) which had neither an express statutory authorization nor an implied authorization in view of the fact that the Legislature, in 1965, substituted a policy of incentives to promote compliance with approved plans for school district reorganization for the former penalties for noncompliance (Education Law, § 3602, subds. [c] and [d]).
Another application for State building aid was made in July, 1969. On July 25, 1969 the Commissioner denied the application upon the grounds that this district was not eligible by reason of section 2040 (subd. 1, par. c) of the Education Law.
Section 2040 (subd. 1, par. c) provides, among other things, for the cessation of any increase in State building aid unless a school district has maintained a home high school for grades 7 through 12 and at least 8 teachers continuously for a period of 5 years ending on July 1, 1968. The statutory language bears setting forth since its interpretation is crucial to the determination of this matter: “ any school district which has not maintained a home high school for grades seven through twelve or any school district which employed fewer than eight teachers continuously for a period of five years ending on July first, nineteen hundred sixty-eight shall, as of such date, cease to be eligible to receive any increase in building aid which may be payable and to which such district would otherwise be entitled to receive upon such date ’ ’.
The court accepts the interpretation of the petitioners to the effect that as of July 1,1968 a school district had to have a home high school in existence and for five years prior had to have employed at least eight teachers. The argument cannot be successfully advanced, after the order of reaffirmation was invalidated (Matter of Carter v. Allen, supra), that statutory compliance could not have been met in any event. The statute requires only a high school program and not explicitly a high school building. Therefore, the inability of the school district to complete construction of the high school building by July 1, 1968 in and of itself does not cause noncompliance. The Com *617 missioner’s basis for the order of reaffirmance was erroneous and caused petitioner to change plans until the successful challenge in the Court of Appeals.
Accordingly, the relief sought in the petition is granted and judgment may enter accordingly.